BACH, MEISS & CO. v. C. A. GINACCHIO.

(No. 1192, Op. Book No. 3, p. 357.)

APPEAL from Harrison County.   Opinion by WATTS, J.

§ **1315.** *Computation of time; rule as to.*   The rule is settled, that, in the computation of time, the day upon which the act was done, from which the time is to be computed ordinarily, must be excluded from the count, and this rule applies to the time within which appeal bonds must be given. The court erred in this case in the computation of the time of the filing of the appeal bond. The bond was filed within the ten days from the date of the judgment. The judgment was rendered August 31, 1880, and the appeal bond was filed September 10, 1880. The judgment of this court of a former day, reversing the judgment of the court below and dismissing the suit, is set aside. [NOTE.— See same case, *ante*, p. 762.]

§ **1316.** *Accounts; construction of act relating to collection of; counterclaim may be pleaded against sworn account without a denial of the account under oath.*   Appellants sued upon a sworn account. Appellee, without denying under oath the justice of the account sued upon, pleaded a counterclaim, and was allowed to prove and recover judgment upon it. *Held:* The statute with respect to such accounts [R. S. 2266] is not susceptible of the construction that it prohibits the defense of a counterclaim, unless the justice of the account sued upon has been denied under oath. Its effect is to make an account authenticated in pursuance thereof *prima facie*

evidence of the justice of the same, and unless the defendant shall under oath, file a written denial of the justice of the account, in whole or in part, under oath, he will not be permitted to deny the same or any item therein not so denied. This was not intended to prevent a defendant from asserting counterclaims without first denying the account under oath, for such defenses are consistent with the justness of the account. The object and purpose of the statute was to enable parties to so authenticate their accounts as to make them *prima facie* evidence, and in this way, in the absence of other proof to recover upon the same, and to prevent surprise and undue advantage, the defendant is required by written plea, under oath, filed one day before the trial, to deny the justice of the account, or such items therein the justice of which he intends to contest. Here there was no denial of the justice of the account sued on; it was admitted by appellee. The court did not err in allowing appellee to plead and prove his counterclaim.

March 22, 1882.                              Affirmed.